April 25, 2023

**VIA PRO SE INTAKE**
Hon. Ronnie Abrams, U.S.D.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Arthur Balder v. Juan Ramon Garcia Castejon, et al*, Case No.: 1:22-cv-07973

Hon. Ronnie Abrams:

      I am the plaintiff in this action (the "Plaintiff"). This letter is submitted pursuant to I.A of your Honour's Individual Practices.
      This letter is submitted to request permission to file an Amended Complaint as a result of reviewing Order by Hon. Magistrate Judge Gorenstein's opinion [Dkt. 23].
      Objections are due on or before May 5 2023 according to same Opinion.
      Plaintiff intends to file Objections to Dkt. 23 Order, but it is obvious from reading it that Plaintiff, a pro se litigant can cure the obstacles described by Hon. Gorensteins's order. Not knowing if the letter should be address to Hon. Abrams, to Hon. Gorensteins', or both, this letter is respectfully submitted for one and same purpose, but since the Order states pg 14 "Any request for an extension of time to file objections or responses must be directed to Judge Abrams" thus the letter motion has been address to Hon. Abrams.

      Briefly describing it, 1) the 'Eye of Odin' venture lack of distribution, one to the reasons for complain, is not regulated by any previously existing contract. Also, 2) Defendant Galvan is not part of, neither is referenced in, the contract of 2014, thus it is not possible to understand why the order Dkt 25 considers them as *indivisible part of one and the same thing*, which is wrong. Consequently, 3) the order dismisses the tortious interference simply because chooses to understand what is not present in any pleadings, not even from Defendants's own pleadings: that Galvan is not part of the contract or pacts met by Plaintiff and Castejon, thus she denying the talent release to deprive Plaintiff of due distribution, when everybody else signs is, simply because Plaintiff insists on terms met verbally less than 12 months before that action, is tortious interference with a contract she is not part of but she is absolutely privy to. Additionally, the order dismisses out of grounds not presented by Defendants, who have voluntarily appeared in this Court.
      Another paramount omission is the statute of frauds allegations according to 2021 and the fact that those terms met were to be executed in less than 12 months are simply not addressed neither considered at all in Hon. Gorensteins' Dkt. 25, and they are relevant, and, when taking into consideration the long-arm to determine jurisdiction, it puts all the weight on the notion that 'all the recordings took place' in Spain to make the film, without considering that 'all the post production' took place in the USA, and post production of a documentary is much longer and takes much more work than just obtaining footage, as will be demonstrated, and that the distribution was and is set up in and from the USA, with a start point at the MoMA theatres. There is no doubt that Defendants' chose to work with Plaintiff because they wanted New York as a forum for a betterment of their profiting from the best and most important art market in the world. Defendants also transacted through Plaintiff to sell artworks in the USA and in New York, as it is also proven, thus seeking the

1

New York forum for obvious reasons in self-interest, yet now coercing Plaintiff into terms not agreed on in 2021 as part of a final agreement that was compensatory on account of what they had done before to Plaintiff, only to scratch, to trample the US jurisdiction both Plaintiff and Defendant Castejon agreed on in 2021 for a deal compensatory to be executed in less than 12 months.

These elements are being conspicuously omitted in the considerations of the Court, most probably, in our humble opinion, because of the confusion caused by the pleadings of the complaint and those clarifying it in the Position to the Motion to Dismiss.

Let us remind that Plaintiff and Castejon agreed on accepting a bilateral clause affirming both jurisdictions for the new compensatory agreement terms of 2021, accepting US and Spain, while all this controversy arises out of Defendants trying to impose the Spain jurisdiction-only once Plaintiff has accepted all the compensatory terms material presented to Plaintiff by Defendant in August 2021. And in order to accomplish it, they go on to thwart distribution without regards to the consequences unless Plaintiff is strongarmed into a clause that was not part of the pact in 2021, a deal to be closed and sealed and executed before 12 months after August 2021. The Court leaves the party who wished bilateral jurisdiction, and more comity of nations' laws, Plaintiff, in the worst position imaginable, to make it easier to those abroad to avoid just consideration of bilateral, mutual respect, when in fact they have been seeking constantly since the beginning the advantage of transacting with US and US institutions (MoMA and New york's art market).

A clear remedy would be to file the Amended Complaint.

It is my understanding, however, that this case unfortunately has had a 'bumpy' road since its filing, and that may have led to misunderstandings and to certain extent to some confusion to evaluate the complaint *in light of* the opposition to dismiss, where many additional pleadings, explanations and also exhibits are present, but they have not been correctly put in proper context, again, most probably due to Plaintiff's lack of practice since he is a pro se litigant.

For all this reasons Plaintiff **beseeches the Court grants permission to file an Amended Complaint**, which will contain the entire extension of issues in proper and clear chronological order, with correspondent exhibits.
**Plaintiff can file that Amended Complaint no later than May 31 2023.**
**Plaintiff also intends to file the Objections to Hon. Gorenstein's Dkt. 23 Order no later than May 15 2023, if that extension of time is granted beyond May 5 2023**, which is the date due according to the order.

We deeply appreciate your time and consideration in this matter.

Respectfully Submitted,


/s/ Arthur Balder



Cc. All other Parties (via Pro Se Intake).