UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
ARTHUR BALDER,                                                 :
                                                               :
                         Plaintiff,                            :    ORDER
                                                               :
       -v.-                                                    :
                                                               :    22 Civ. 7973 (LTS) (GWG)
JUAN RAMON GARCIA CASTEJON, and                                :
FRANCISCA GALVAN REAL,                                         :
                                                               :
                         Defendants.                           :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Plaintiff has filed a letter that the Court interprets as seeking recusal of the undersigned. See Letter, filed July 17, 2023 (Docket # 34) ("July 17 Ltr."); Order, filed July 19, 2023 (Docket # 35).

      Recusal of a judge is governed by 28 U.S.C. § 455(a), (b)(1), which provides that a judge must disqualify himself from a case where "his impartiality might reasonably be questioned" or where he "has a personal bias or prejudice concerning a party." On the first basis for recusal, the relevant inquiry is: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" United States v. Bayless, 201 F.3d 116, 126 (2d Cir.) (quoting Diamondstone v. Macaluso, 148 F.3d 113, 120-21 (2d Cir. 1998)), cert. denied, 529 U.S. 1061 (2000). As to both bases for recusal, the Supreme Court has held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

      Importantly, a judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Literary Works in Elec. Databases Copy. Litig., 509 F.3d 136, 140 (2d Cir. 2007) (internal quotation marks and citation omitted).

      The bases for recusal cited by plaintiff relate exclusively to decisions of the Court that plaintiff believes were adverse to him. See July 17 Ltr. Plaintiff's principal complaint is that the Court issued an Order waiving the pre-motion conference requirement in paragraph 2.A of the Court's Individual Practices. See Order, filed July 17, 2023 (Docket # 33) ("July 17 Order"). We note first off that the July 17 Order was not adverse to plaintiff. Contrary to the implication of plaintiff's letter, the July 17 Order did not invite or require defendants to file a motion to

dismiss rather than an answer. It simply waived the pre-motion conference requirement -- a common occurrence in the case of pro se parties. Plaintiff's rights are preserved because in the event defendants file a motion to dismiss, plaintiff will have an opportunity to present whatever arguments he wishes in opposition to that motion.

Plaintiff's letter also defends the merits of the Amended Complaint and suggests that the Court has formed some views that fail to take into account those merits. See July 17 Ltr. at 2-6. In fact, the July 17 Order had nothing to do with the merits of the Amended Complaint. But even if the Order could be construed as reflecting on the merits in a manner adverse to plaintiff, the Second Circuit has held that "adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." United States v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) (citation omitted); accord Chen v. Chen Qualified Settlement Fund, 552 F.3d 218, 227 (2d Cir. 2009) ("Generally, claims of judicial bias must be based on extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality.").

In order to reassure the plaintiff, we note that the Court harbors no bias or prejudice concerning plaintiff. In the Court's view, the plaintiff is a person of equal standing to the defendants and will be treated as such.

Finally, Judge Swain's Order of July 19, 2023, adjourned the deadline for the defendants to respond to the amended complaint in light of the filing of the recusal motion. Because this Order disposes of that motion, we hereby reimpose the deadline of September 8, 2023, for the defendants to respond to the Amended Complaint, whether by means of an answer or a motion to dismiss.

The Clerk of the Court is respectfully directed to mail a copy of this Order to the defendants at the addresses listed on the docket sheet.

SO ORDERED.

Dated: July 20, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge