UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                         :

ARTHUR BALDER,
                                                                         :

                          Plaintiff,                    ORDER
                                                                        :

    -v.-

                                                                          :      22 Civ. 7973 (LTS) (GWG)

JUAN RAMON GARCIA CASTEJON, and
FRANCISCA GALVAN,

                          Defendants.         :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       The defendants have filed a motion to dismiss this case, to which the plaintiff has responded. See Docket ## 37, 40. While some of the arguments defendants make are clear, others are not as clear. We note that the format of the defendants' motion strongly suggests that the defendants have not sought any legal assistance to help them with their motion papers, although the Court has previously noted that such assistance is available. See Order, dated July 17, 2023 (Docket # 33).

       Because the defendants are proceeding without an attorney, we will construe their motion "liberally . . . to raise the strongest arguments" it suggests. McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). In this spirit, we construe the defendants' motion as invoking: (1) the doctrine of forum non conveniens, (2) lack of personal jurisdiction, and (3) failure to state a claim for relief.

       Additionally, we find one obvious infirmity in the amended complaint filed by plaintiff even if it was not clearly presented in the defendants' motion to dismiss: namely, that numerous purported claims are barred by the applicable statutes of limitations. The statute of limitations defense applies most obviously to events alleged to have occurred in 2014 and 2015 given that the longest possible limitations for any such claims is six years. See N.Y. C.P.L.R. § 213(2) (breach of contract); Aleem v. Experience Hendrix, L.L.C., 413 F. Supp. 3d 251, 258 (S.D.N.Y. 2019) (promissory estoppel). But it applies to other possible claims given that any claims for tort have an even shorter statute of limitations. See Espire Ads LLC v. TAPP Influencers Corp., 2023 WL 1968025, at *19 (S.D.N.Y. Feb. 13, 2023) (three years for "tortious interference" claims).

       In light of the above, plaintiff will be directed to file a letter or memorandum of law in the event that he wishes to address any of the potential bases for dismissal discussed above.[1]

---

[1] For the plaintiff's benefit, the Court notes that the analysis of how to determine whether a case should be dismissed on the ground of forum non conveniens is discussed in Iragorri v. United Technologies. Corp., 274 F.3d 65 (2d Cir. 2001).

Additionally, the Court notes plaintiff's allegation that the defendants doctored the copy of the original 2014 contract annexed to their motion and provided the doctored copy to the English translator.  See Memorandum of Law in Opposition, filed Sept. 17, 2023 (Docket # 40), at 5-6.  Because this is potentially an issue that the Court will consider as part of its adjudication of the defendants' motion to dismiss, the plaintiff will be directed to provide sworn testimony and any other admissible evidence showing that the copy of the contract annexed to the motion to dismiss (and thus the resulting translation) is not a true and correct copy of the contract plaintiff signed.

Defendants Castejon and Galvan will be entitled to file a response to plaintiff's supplemental filing.  The Court strongly encourages defendants to contact the Pro Se Legal Assistance Program at Hofstra University, which provides free legal services, at: PSLAP@hofstra.edu.  The Court has been informed that this clinic can arrange for a Spanish speaker to provide assistance.

Before setting the schedule for the additional briefing permitted by this Order, however, the Court believes that the case will benefit from a referral to the District's Mediation Program.  Accordingly, the Court will issue a separate Order to arrange for the mediation.  If the case does not settle, the Court will set a briefing schedule for the new filings at that time.  Until the Court issues an order on the briefing schedule, however, the parties should not file any additional papers related to the motion to dismiss.

The parties are directed to file a letter once the mediation has concluded giving the results of the mediation.

Plaintiff is directed to email a copy of this Order to the defendants.

SO ORDERED.

Dated: October 16, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge