UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                                                           :

ARTHUR BALDER,

                               Plaintiff,                      ORDER

     -v.-

                                                                                               :       22 Civ. 7973 (LTS) (GWG)

JUAN RAMON GARCIA CASTEJON, and
FRANCISCA GALVAN,

                           Defendants.

---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      With regard plaintiff's letter of October 25, 2023, see Docket # 44, it sometimes happens that a mediation session needs to be postponed on short notice. The mediators are attorneys, many of whom have busy legal practices. Importantly, the mediators have undergone training by the Court and receive no pay. They perform their role to serve the Court and the public. It is pointless to object to a mediator or a mediation program because a postponement has occurred. Here, it is unfortunate that plaintiff's schedule was adversely affected by the postponement. However, regardless of the need for postponement, the Court and the participants in a mediation normally will feel fortunate that an attorney has volunteered to assist them in the important role of mediating the parties' case.

      Because nothing improper occurred here, the Court will not appoint any other mediator. This will be the plaintiff's one chance to participate in a Court-sponsored mediation. With that being said, the Court will not require the plaintiff to participate in mediation if he does not wish to do so.

      If plaintiff chooses to participate in the mediation, he should contact the mediator and state that he is willing to go forward. During the mediation process, the Court directs plaintiff and the defendants to treat the mediator — and to treat each other — with the same respect that they would show to a valued and trusted colleague. They should also show understanding as to any party's legitimate need to adjust the schedule.

      If plaintiff elects not to participate in the mediation, he shall file a letter by November 3, 2023, stating that he does not intend to participate. The next order of business following this will be the briefing of the motion to dismiss.

      If plaintiff elects to participate in the mediation, there is no need to file a letter now. Instead, the parties shall file a letter within 7 days of the conclusion of the mediation stating whether or not the case has settled.

It is unclear what other relief the plaintiff seeks in his letter. To the extent plaintiff finds it objectionable that the Court sought a Spanish-speaking mediator when all parties speak Spanish and defendants do not speak English, that objection is frivolous and is rejected.

As to the plaintiff's complaints about the Court's suggestion that defendants (and not plaintiff) seek legal assistance, our suggestion came about as a result of reviewing defendants' filing, not plaintiff's. Plaintiff is free to seek legal assistance from the legal clinic at the Courthouse.

As to the purported "motions to strike" filed "between December 2022 and [M]ay 2023," the Court is aware of only one such application, contained in a letter dated January 11, 2023, that seeks to strike a letter filed by defendants that is dated May 10, 2023. See Docket ## 14-15. Plaintiff's motion (Docket # 15) is denied as meritless.

Finally, the Court commonly directs plaintiffs to email pro se defendants in order to speed the case along for the plaintiff's benefit. Such emailing is not necessary, however. The Clerks Office routinely mails all orders to pro se defendants. If plaintiff prefers to rely on the mail service performed by the Clerk's Office, that is certainly acceptable.

SO ORDERED.

Dated: October 30, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge